UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ROE,

       Plaintiff,                      Case No. 16-cv-13353
                                         Hon. Mark A. Goldsmith

vs.

RICHARD D. SNYDER, et al.,

       Defendants.
_____/

## OPINION & ORDER
## DENYING DEFENDANT KYM L. WORTHY'S
## MOTION FOR RECONSIDERATION (Dkt. 47)

On March 3, 2017, this Court granted Plaintiff Mary Roe's motion for a preliminary injunction (Dkt. 46). On March 31, Defendant Kim L. Worthy, the Wayne County Prosecutor, timely filed a motion for reconsideration under Federal Rules of Civil Procedure 52(b) and 59(e) (Dkt. 47). Roe responded (Dkt. 52), and Worthy replied (Dkt. 54). Meanwhile, Defendant Jessica Cooper, the Oakland County Prosecutor, appealed the injunction (Dkt. 48), but the Sixth Circuit is holding that appeal in abeyance pending this Court's resolution of Worthy's motion.

Under Rule 52(b), a "court may amend its findings — or make additional findings — and may amend [a] judgment accordingly." Under Rule 59(e), a party may file a motion to alter or amend an order if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006).

Worthy makes three distinct arguments in her motion. First, she states:

> Plaintiff asserted, without citing to any evidence, that Defendant
> Royal Oak Police Officer Kevin Cavanagh was aware of the Sixth

> Circuit decision in Does [# 1-5] v. Snyder[, 834 F.3d 696 (6th Cir. 2016)] when he interacted with her on August 28, 2016. . . . However, Officer Cavanagh states that at the time he contacted Plaintiff initially, he was only aware of the original trial court decision in Does, and not the August 25, 2016 Sixth Circuit decision.

Worthy Br. at 2-3. In support, she provided a declaration to this effect from Cavanagh dated April 6, 2017, several days after the instant motion was due. See Cavanagh Decl., Ex. 1 to Worthy Mot. (Dkt. 50). Worthy does not explain why this argument and evidence could not have been submitted for the Court's consideration when it was deciding Roe's motion for preliminary injunction. This argument, therefore, is rejected. See Whitehead v. Bowen, 301 F. App'x 484, 489 (6th Cir. 2008) (Under Rule 59(e), "even if [admission of a new] affidavit were sufficient to create a genuine issue of material fact, it . . . was, at best, newly submitted evidence, not newly discovered evidence." (emphasis in original)); Dow Chem. Co. & Subsidiaries v. United States, 278 F. Supp. 2d 844, 847 (E.D. Mich. 2003) ("Rule 52(b) may not be used by the parties simply to relitigate issues already decided or matters that could have been raised earlier."), rev'd in part sub nom. on other grounds, Dow Chem. Co. v. United States, 435 F.3d 594 (6th Cir. 2006).[1]

Worthy next argues that she does not have the ability to modify Roe's public registry page. Worthy raises this issue, not to request that she be carved out from this facet of the injunction, but to show that Roe's injury in this regard is not "fairly traceable" to Worthy's office. See Worthy Br. at 3, 5. This argument, too, was available to Worthy when the motion for preliminary injunction was being briefed. See, e.g., Am. Compl. ¶ 70 (identifying label as "Tier III (most

---

[1] Because this is Worthy's only factual argument in her motion, it is the only argument to which Rule 52(b) might apply — assuming Rule 52(b) applies outside the bench trial context, a position rejected by some courts. See, e.g., Carter v. Porter, No. 5:08-CV-246-REW, 2012 WL 298479, at *1 n.2 (E.D. Ky. Feb. 1, 2012) (Rule 52(b) "concerns factual findings resulting from a non-jury trial" only).

dangerous) offender" on public registry as one manifestation of Roe's injury). Yet the argument does not appear in Worthy's response to Roe's motion (Dkt. 42), her motion to dismiss (Dkt. 33), or her reply brief on her motion to dismiss (Dkt. 44). "[P]arties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Finally, Worthy claims that this Court erred when it considered the pre-Does #1-5 enforcement of the Sex Offender Registration Act, ("SORA"), Mich. Comp. Laws § 28.721 et seq., in evaluating the "history of past enforcement" prong for establishing pre-enforcement standing. See Worthy Br. at 4. Worthy claims that "the fact that SORA's geographic restrictions may have been enforced generally from 2006 to 2013 has no bearing on whether anyone will arrest or prosecute Plaintiff for a school zone violation after the August 2016 decision in [Does #1-5]. Id.[2]

This argument was considered and rejected on the original motion for preliminary injunction, and Worthy shows no clear error of law in this Court's analysis. Roe pointed to certain pieces of evidence tending to show that the Does #1-5 litigation did not definitively put a stop to enforcement of the affected portions of SORA. See Roe v. Snyder, ___ F. Supp. 3d ___, 2017 WL 840407, at *3 (E.D. Mich. Mar. 3, 2017) (noting that Defendants continued to enforce SORA's "Tier III" classification provision notwithstanding Does #1-5). This makes the past history of enforcement relevant. And, although this Court discussed other pieces of evidence in the context of different factors going to pre-enforcement standing, such as Defendants' refusal to disavow

---

[2] As occurred in the original round of briefing on Roe's motion, Worthy fails to appreciate that Roe's claims are not limited to SORA's 1000-foot school zone restriction. See Roe v. Snyder, ___ F. Supp. 3d ___, 2017 WL 840407, at *6 n.5 (E.D. Mich. Mar. 3, 2017).

3

prosecution, these showings also support this Court's conclusion that the pre-Does #1-5 history of enforcement remained relevant.

For instance, a communication from the Michigan State Police, which was issued to Roe after Does #1-5, listed obligations that were unlawful under either the district court's or Sixth Circuit's holdings, see 8/29/2016 Verification/Update Form, 2d Roe Decl. at 16-18 (cm/ecf pages), Ex. 8 to Pl. Resp. to Mot. to Stay (Dkt. 36-9); and a letter from the Prosecuting Attorneys Coordinating Council merely advised Michigan prosecutors that "[e]nforcement of the SORA amendments retroactively in light of [Does #1-5] should be made with care . . . ," see PACC Memo at 5 (cm/ecf page), Ex. A to Snyder/Etue Resp. to Pl. Mot. (Dkt. 25-1). Because Roe affirmatively showed that there was not a "clean break" between the pre- and post-Does #1-5 SORA-enforcement eras, the history of SORA's enforcement remained relevant to discerning Roe's pre-enforcement standing.

In sum, Worthy's motion raises an untimely factual argument and a mix of legal arguments that were, or could have been, made and considered when this Court was evaluating the parties' arguments the first time around. Worthy's motion is denied.

SO ORDERED.

Dated: May 17, 2017               s/Mark A. Goldsmith  
   Detroit, Michigan            MARK A. GOLDSMITH  
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2017.

                                                      s/Karri Sandusky  
                                                      Case Manager