UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ROE,

       Plaintiff,

v.

RICHARD D. SNYDER, et al.,

       Defendants.

_____/

Civil Action No.
16-cv-13353

HON. MARK A. GOLDSMITH

### OPINION & ORDER
### GRANTING DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION (Dkt. 69) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 81)

This matter is before the Court on Defendant Kym Worthy's (the "Wayne County Prosecutor") motion to dissolve the preliminary injunction (Dkt. 69) and Plaintiff Mary Roe's motion for summary judgment (Dkt. 81). Both motions have been fully briefed. Because oral argument will not aid the decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. L.R. 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants the Wayne County Prosecutor's motion to dissolve the preliminary injunction and denies Roe's motion for summary judgment.

### I. BACKGROUND

The relevant background is set forth in full in this Court's prior opinion, Roe v. Snyder, 240 F. Supp. 3d 697 (E.D. Mich. 2017). In brief summary, Plaintiff Mary Roe was convicted in 2003 of having sex with an underage teen when she was nineteen. As a result, she became subject to Michigan's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws § 28.721 et seq. The Michigan legislature subsequently amended SORA, in pertinent part, in 2006 and 2011. On August 25, 2016, the Sixth Circuit issued Does #1-5 v. Snyder, 834 F.3d 696 (6th Cir. 2016),

which held that the retroactive imposition of the 2006 and 2011 Amendments on individuals convicted before those Amendments were enacted violated the Ex Post Facto Clause.

On September 9, 2016, Roe was informed by a Royal Oak police officer, Defendant Kevin Cavanaugh, that her place of employment was within 1,000 feet of a school, in violation of the 2006 SORA Amendment, Mich. Comp. Laws § 28.734(1)(a). The officer informed her that she must resign immediately or face prosecution for a SORA violation. Roe subsequently filed suit, arguing that the officer's instruction that she must quit her job violated Does #1-5. On March 3, 2017, this Court entered a preliminary injunction, enjoining Defendants from initiating any prosecution of Roe that conflicts with the holding of Does #1-5.

The Supreme Court subsequently denied certiorari in Does #1-5 on October 2, 2017, see 138 S. Ct. 55, and the district court entered a stipulated final judgment on January 18, 2018. The judgment provides declaratory and injunctive relief to the named plaintiffs in that case. See 1/26/2018 Stipulated Final Judgment, Ex. 2 to Def. Resp. (Dkt. 83-3).

All other Defendants in this case – Jessica Cooper, Oakland County Prosecutor; Corrigan O'Donohue, Royal Oak Police Chief; Kevin Cavanagh, Royal Oak Police Officer; Richard Snyder, Governor of Michigan; and Kriste Etue, Director of Michigan State Police – have settled with Roe. See Dkts. 77, 82, 87. The sole remaining Defendant, the Wayne County Prosecutor, seeks to dissolve the preliminary injunction. Roe seeks a declaratory judgment that retroactive application of the 2006 and 2011 SORA Amendments violates the Ex Post Facto Clause, thereby extending the protection of Does #1-5 to her; and that, in the event of any discrepancy between her interpretation of Does #1-5 and that of the Wayne County Prosecutor, the scope of Does #1-5 would be left for this Court to decide.

## II.   STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. Scott, 550 U.S. at 380; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Scott, 550 U.S. at 380 (quoting Matsushita, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also Babcock & Wilcox Co. v. Cormetech, Inc., 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

### III.     ANALYSIS

#### A. Preliminary Injunction

On March 3, 2017, this Court entered a preliminary injunction to the following effect:

> Defendants, as well as their officer, agents, servants, employees, attorney, as well as any other persons who are in active concert or

3

> participation with them (hereinafter "Defendants"), are enjoined from initiating any prosecution of Roe that conflicts with the holding of Does #1-5 v. Snyder, 834 F.3d 696 (6th Cir. 2016). Defendants are further ordered to bring Roe's publicly accessible registry page into compliance with Does #1-5. If that case eventually is overturned, Defendants are further enjoined from enforcing any violation of SORA's 2006 and 2011 Amendments that Roe committed while that case was good law.

Roe v. Snyder, 240 F. Supp. 3d 697, 712 (E.D. Mich. 2017). The Wayne County Prosecutor argues that this preliminary injunction is no longer necessary, and filed a motion asking that this Court order its dissolution. Although Roe originally opposed the motion, she later filed a notice of her withdrawal of any objection (Dkt. 89) due to the Wayne County Prosecutor's statement that she "is bound and has abided by" Does #1-5, and "will not recommend any warrants submitted by law enforcement agencies to a magistrate, or otherwise participate in any prosecutions in violation of that decision, regardless of whether Michigan courts take a contrary view." Def. Resp. at 2, PageID.1224 (Dkt. 83); Notice of Withdrawal at 2, PageID.1281. As there is no objection to the Wayne County Prosecutor's motion to dissolve the preliminary injunction, the motion is granted.

### B. Declaratory Relief

Nonetheless, Roe still maintains that declaratory relief is necessary to protect her from prosecution under the 2006 and 2011 SORA Amendments. Because Does #1-5 was not filed as a class action, there is nothing that protects similarly-situated registrants; its holding is limited to those five plaintiffs. Roe further argues that there is a lack of clarity regarding what conduct falls within the 2006 and 2011 Amendments, and when registrants are required to report certain information. Pl. Reply at 3, PageID.1260 (Dkt. 84). She claims a declaratory judgment is necessary so that she is not required to live with the risk of prosecution for failure to do something that she believes is not required under Does #1-5, but that the Wayne County Prosecutor does. Id. She asks that this Court retain jurisdiction to determine whether any such future prosecution

conflicts with Does #1-5. Id. at 4, PageID.1261. The Wayne County Prosecutor responds that Roe does not currently face a "credible" and "imminent" threat of prosecution for violation of the 2006 or 2011 SORA Amendments, and thus lacks Article III standing to seek a declaratory judgment. Def. Resp. at 14, PageID.1236 (Dkt. 83).[1]

The Declaratory Judgment Act, 28 U.S.C. § 2201, and Article III of the Constitution both require an "actual controversy" to be pending before the court. The standing doctrine is "one of several principles used to ensure compliance with the case or controversy requirement," Poe v. Snyder, 834 F. Supp. 2d 721, 728 (E.D. Mich. 2011) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)), and "requires that a litigant have suffered an injury-in-fact that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief," Peoples Rights Organization, Inc. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998). Although a declaratory judgment may be sought before a completed injury-in-fact has occurred, a plaintiff must nonetheless show "actual present harm or a significant possibility of future harm to justify pre-enforcement relief." Id.; see also Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2342 (2014) ("An allegation of future injury may suffice [to satisfy Article III] if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.") (quotations

---

[1] She also contends that the Wayne County Prosecutor is not a proper party to this case, citing Cady v. Arenac County, 574 F.3d 334 (6th Cir. 2009). In Cady, the Sixth Circuit explained that a suit against the county prosecutor in his official capacity should be treated as a suit against the state, and was thus barred by the Eleventh Amendment. Id. at 343-344. But Cady also noted an exception to this rule, which applies "if an official-capacity suit seeks only prospective injunctive or declaratory relief." Id. at 344, see also Emery v. Mich. Dep't of Civil Rights, No. 15-11467, 2016 WL 1090429, at *3-*4 (E.D. Mich. Mar. 21, 2016) ("Eleventh Amendment immunity does not prevent [Plaintiff] from pursuing her ADA claims against the individual Defendants in their official capacities, at least insofar as she seeks injunctive relief rather than an award of money damages as redress for the ADA violations allegedly committed by these state officials."). As Roe seeks prospective declaratory relief against the Wayne County Prosecutor for violations of constitutional law, the Court sees no reason why the suit against the Wayne County Prosecutor is improper.

omitted); Roe v. Snyder, 240 F. Supp. 3d at 704 ("An actual arrest or prosecution is not necessary to establish standing when the credible threat of such is sufficiently imminent.") (quotations omitted).

Roe relies heavily on Steffel v. Thompson, 415 U.S. 452 (1974), to argue that declaratory judgments are regularly used where there is no longer need for <u>injunctive</u> relief. In Steffel, the petitioner refrained from distributing handbills protesting American involvement in Vietnam due to fear of prosecution, and sought a declaratory judgment that a Georgia statute was being applied in violation of his First and Fourteenth Amendment rights. 415 U.S. at 454-455. The Court explained that the "express purpose of the Federal Declaratory Judgment Act was to provide a milder alternative to the injunction remedy," and "the declaratory judgment was designed to be available to test state criminal statutes in circumstances where an injunction would not be appropriate." Id. at 467.

But the Steffel Court considered "[a]t the threshold" whether the petitioner presented an "actual controversy" under Article III and the Declaratory Judgment Act, and found that the petitioner had "alleged threats of prosecution that cannot be characterized as imaginary or speculative[.]" Id. at 458-459. The petitioner's companion had been arrested for a violation of the same Georgia statute that the petitioner challenged, and the police had warned petitioner himself that he would have to stop handbilling or face arrest. The Court nonetheless remanded to determine "the continuing existence of a live and acute controversy" in light of then-recent developments regarding United States involvement in Vietnam. Id. at 460. Thus, the Steffel Court expressly held that "federal declaratory relief is not precluded when no state prosecution is pending <u>and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute</u>[.]" Id. at 475 (emphasis added).

The other cases relied upon by Roe also demonstrate that, while a court may decide to grant declaratory but not injunctive relief, standing is a prerequisite to either claim. See Poe v. Snyder, 834 F. Supp. 2d at 729 (finding that the plaintiffs had standing because they had "shown a significant possibility of future harm that is not merely speculative"); Waste Management of Mich. v. Ingham Cty., 941 F. Supp. 656, 661 (W.D. Mich. 1996) (addressing whether the plaintiff had standing before concluding that declaratory but not injunctive relief was warranted).

Roe argues that the issue of standing on remand in Steffel is "a far cry from the case here," because she remains subject to SORA in whatever current form it exists, and her reporting obligations place her at risk of prosecution if she and law enforcement disagree about her obligations under Does #1-5. Pl. Reply at 5 n.3, PageID.1262.

Notwithstanding Roe's concerns, the Court finds that Roe no longer faces a credible threat of prosecution from the Wayne County Prosecutor in violation of Does #1-5. The Wayne County Prosecutor has stated that she is bound by Does #1-5, and will not participate in any prosecutions in violation of that decision, "regardless of whether Michigan state courts ever take a contrary view." Def. Resp. at 2, PageID.1224. Roe argues that she is not covered by the judgment in Does #1-5. Pl. Reply at 2-3, PageID.1259-1260. But if the Wayne County Prosecutor will not prosecute her in violation of Does #1-5 regardless of whether she is explicitly covered, then there is no need for this Court to issue a declaratory judgment stating that the decision applies to Roe. She faces no threat of injury.

Roe also fears that the Wayne County Prosecutor will prosecute her for something that the Wayne County Prosecutor believes is still required under Does #1-5, but that Roe does not. Pl. Reply at 3, PageID.1260. As an initial matter, a declaration that Roe is protected by Does #1-5 would not help her in such scenario, as the Wayne County Prosecutor would believe herself to be

7

in full compliance with the decision. But in any event, there is no indication that such scenario is likely to occur. The scenario would require that Roe and the Wayne County Prosecutor disagree about what SORA requires in light of Does #1-5, for Roe to undertake some unspecified action (or refrain from acting) in a way that arguably violates SORA, and for the Wayne County Prosecutor to prosecute her in a manner that arguably violates Does #1-5. Such an injury is purely speculative. A plaintiff's threatened injury "must be certainly impending to constitute injury in fact," and "'allegations of possible future injury' are not sufficient." Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013) (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)) (emphases in Clapper) (alterations omitted). Here, Roe fears only a hypothetical, possible injury, not one that is impending. She, therefore, cannot establish standing at this time.

This Court previously addressed standing when granting Roe's request for a preliminary injunction, applying the test used by the Sixth Circuit in McKay v. Federspiel, 823 F.3d 862 (6th Cir. 2016), and concluded that Roe had standing because she faced a "credible threat of prosecution." Roe, 240 F. Supp. 3d at 705. Of course, "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review," Steffel, 415 U.S. at 459 n.10, so the fact that Roe had standing in March 2017 does not mean that she still does. This Court previously found that there was a history of past enforcement of the 2006 and 2011 Amendments to SORA, both against Roe herself and against others. Roe, 240 F. Supp. 3d at 705. Now that the Wayne County Prosecutor has announced an about-face on threats of prosecution, and Roe does not present any evidence of any prosecutions by the Wayne County Prosecutor for violations of the 2006 and 2011 Amendments in violation of Does #1-5, this is no longer the case.

This Court also noted previously that Roe could point to a communication resembling enforcement warning letters sent to her, because Defendant Cavanaugh had threatened that she

8

must quit her job or face prosecution. Roe v. Snyder, 240 F. Supp. 3d. at 706. Roe now notes that she received a mailing on November 27, 2017 from the Michigan State Police. See Explanation of SORA Duties, Ex. 1 to Pl. Mot. (Dkt. 81-2). This mailing outlines registrants' duties under SORA, including under the unconstitutional 2006 and 2011 Amendments, and states that failure to comply with certain duties may result in criminal prosecution. See id. at PageID.1206-1208. This mailing seems to be – as the Wayne County Prosecutor describes it – an "automated" mailing sent out by the Michigan State Police, and appears, by the date in the top left corner, to have last been updated in July of 2014. However, it does directly state that, e.g., "[r]esiding or working within a student safety zone . . . may result in criminal prosecution." Id. at PageID.1208.

As the Wayne County Prosecutor notes, there is nothing to suggest that she was in any way affiliated with this mailing, or was threatening to prosecute Roe. The mailing was sent by the Michigan State Police in November 2017—several months before Roe reached a settlement with Kriste Etue, Director of the Michigan State Police, in March of 2018. See 3/15/2018 Stipulated Order resolving case as to Defendants Richard Snyder and Kriste Etue only (Dkt. 87). Etue and Snyder agreed that they, "as well as their officers, agents[,] servants, and employees" would not enforce the 2006 and 2011 SORA Amendments against Roe. Id. at 2, PageID.1275. That settlement eliminated any threat that the letter might have represented and eviscerated any possible extension of the threat to the Wayne County Prosecutor.

Finally, this Court previously noted that "Defendants have refused to provide assurance that they will not prosecute" which "makes the threat of such prosecution 'especially substantial.'" Roe v. Snyder, 240 F. Supp. 3d at 706 (quoting Kiser v. Reitz, 765 F.3d 601, 609 (6th Cir. 2014)). Now, the Wayne County Prosecutor has stated that she will not prosecute anyone in violation of Does #1-5. In light of all of the foregoing, the Court concludes that the climate of enforcement

9

has changed – including, in particular, the Wayne County Prosecutor's publicly stated position on enforcement. While Roe had standing to pursue her claims in March of 2017, she no longer does.

Circumstances may change such that Roe at some later point faces a credible threat of prosecution from the Wayne County Prosecutor. In such event, Roe would be free to file a new action seeking declaratory or injunctive relief. But she currently cannot establish that she faces such threat, and therefore cannot establish the injury-in-fact requirement of standing. Accordingly, her motion for summary judgment is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Kym Worthy's motion to dissolve the preliminary injunction (Dkt. 69) is granted, and Plaintiff Mary Roe's motion for summary judgment (Dkt. 81) is denied. The parties shall file a joint statement within fourteen days stating what further proceedings, if any, are required in this case.

SO ORDERED.

Dated: September 12, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2018.

 s/Karri Sandusky
 Case Manager