UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ROE,

      Plaintiff,

v.

RICHARD D. SNYDER, et al.,

      Defendants.
_____/

Civil Action No.
16-cv-13353

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING PLAINTIFF'S MOTION TO FIND THAT SHE IS THE PREVAILING
PARTY (Dkt. 94)**

      This matter is before the Court on Plaintiff Mary Roe's motion to find that she is the prevailing party for the purposes of 42 U.S.C. § 1988 (Dkt. 94). A convicted sex offender, Roe was told by a Royal Oak police officer that she must either quit her job or face prosecution under Michigan's Sex Offender Registration Act ("SORA"), Mich. Comp. Laws § 28.721 et seq., due to her office's proximity to a school. Two weeks earlier, the Sixth Circuit issued its decision in Does #1-5 v. Snyder, 834 F.3d 696 (6th Cir. 2016), finding relevant portions of SORA to be unconstitutional. In light of this precedent, Roe sought injunctive relief, which this Court granted, enjoining various public officials, including the Wayne County prosecutor, Kym L. Worthy, from initiating any prosecution of Roe that conflicted with the holding of Does #1-5. After more than a year of litigation, the Wayne County Prosecutor finally stated that she would not initiate any prosecution of Roe under the SORA Amendments. Roe now seeks attorney fees. The motion has been fully briefed. Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the following reasons, the motion is granted.

1

## I. BACKGROUND

The relevant background is set forth in full in this Court's prior opinion, Roe v. Snyder, 240 F. Supp. 3d 697 (E.D. Mich. 2017). In brief summary, Roe was convicted in 2003 of having sex with an underage teen when she was nineteen. As a result, she became subject to SORA. The Michigan legislature subsequently amended SORA, in pertinent part, in 2006 and 2011. On August 25, 2016, the Sixth Circuit issued Does #1-5, which held that the retroactive imposition of the 2006 and 2011 Amendments on individuals convicted before those Amendments were enacted violated the Ex Post Facto Clause.

On September 9, 2016, Roe was informed by a Royal Oak police officer, Defendant Kevin Cavanaugh, that her place of employment, where she had been working for eight years, was within 1,000 feet of a school, in violation of the 2006 SORA Amendment, Mich. Comp. Laws § 28.734(1)(a). The officer informed her that she must resign immediately or face prosecution for a SORA violation. Roe subsequently filed suit, arguing that the officer's instruction that she must quit her job violated Does #1-5. On March 3, 2017, this Court entered a preliminary injunction enjoining Defendants, whose duties touch on law enforcement, from initiating any prosecution of Roe that conflicted with the holding of Does #1-5, which holding remained operative while certiorari was sought in that case from the Supreme Court.

The Supreme Court subsequently denied certiorari in Does #1-5 on October 2, 2017, see 138 S. Ct. 55, and the district court entered a stipulated final judgment on January 18, 2018, providing declaratory and injunctive relief to the named plaintiffs in that case. See 1/26/2018 Stipulated Final Judgment, Ex. 2 to Def. Resp. (Dkt. 83-3).

Other than the Wayne County Prosecutor, all Defendants in this case—Jessica Cooper (Oakland County Prosecutor); Corrigan O'Donohue (Royal Oak Police Chief); Kevin Cavanagh

(Royal Oak Police Officer); Richard Snyder (then-Governor of Michigan); and Kriste Etue (Director of Michigan State Police)—settled with Roe. See Dkts. 77, 82, 87. The sole remaining Defendant, the Wayne County Prosecutor, refused to disavow the prosecution of Roe for any post-2005 SORA-amendment violation pending the final resolution in Does #1-5. Finally, in response to Roe's motion for summary judgment, the Wayne County Prosecutor conceded that she was bound by Does #1-5. Def. Resp. to Mot. for Summ. J. at 2 (Dkt. 83). Shortly thereafter, Roe withdrew her objection to the Wayne County Prosecutor's motion to dissolve the preliminary injunction (Dkt. 89).

Roe nonetheless sought a declaratory judgment that retroactive application of the 2006 and 2011 SORA Amendments violated the Ex Post Facto Clause, thereby extending the protection of Does #1-5 to her; and that, in the event of any discrepancy between her interpretation of Does #1-5 and that of the Wayne County Prosecutor, the scope of Does #1-5 would be left for this Court to decide. The Court denied the relief because, in light of the Wayne County Prosecutor's public statement that she is bound by Does #1-5, Roe no longer had standing to pursue this case. See 9/12/18 Op. (Dkt. 90) (granting motion to dissolve the preliminary injunction). What remains of this matter is whether Roe is entitled to attorney fees as the prevailing party in this case.

## II. LEGAL STANDARD

For civil rights actions brought under 42 U.S.C. § 1983, courts are authorized to award the prevailing party reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b). "[T]o be a prevailing party, the plaintiff must obtain a 'material' change in the legal relationship between [her]self and the defendant." McQueary v. Conway, 614 F.3d 591, 598 (6th Cir. 2010) (quoting Sole v. Wyner, 551 U.S. 74, 82 (2007)). However, with respect to preliminary injunctions, the "preliminary" nature of the relief will generally counsel against fees. Id. at 601. Determining

whether the winner of a preliminary injunction is a prevailing party is, therefore, a contextual and case-specific inquiry. Id.

For example, "[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." Sole, 551 U.S. at 83. In other words, a plaintiff who "has won a battle but lost the war," is not entitled to fees. Id. at 86 (citation and internal marks omitted). However, prevailing party status may attend achievement of a preliminary injunction where the injunction (1) caused a change, (2) the change directly benefitted the plaintiff, and (3) the change endured. Miller v. Caudill, --- F.3d---, 2019 WL 3979593, *3 (6th Cir. Aug. 23, 2019) (citing McQueary, 614 F.3d at 597-599). When a plaintiff "receives everything it asked for in the lawsuit, and all that moots the case is court-ordered success and the passage of time," attorney fees may be warranted. McQueary, 614 F.3d at 599. By way of illustration, where "protesters seek an injunction to exercise their First Amendment rights at a specific time and place—say to demonstrate at a Saturday parade—a preliminary injunction will get them all the court-ordered relief they need and the end of the parade will moot the case." Id.

### III. ANALYSIS

In opposition to Roe's motion, the Wayne County Prosecutor spends a great deal of time arguing the underlying facts of this case, none of which are particularly relevant to the present motion. The inquiry here is simply whether Roe is the prevailing party.[1] To that point, the Wayne

---

[1] The Wayne County Prosecutor also argues that because Roe is a member of a class, see Does #1-6 v. Snyder, Case No 2:16-cv-13137 (E.D. Mich.), that seeks relief similar to the relief Roe sought in this case, she could not have prevailed on any claims in this case. Resp. at 22-23. However, Does #1-6 was not brought against the Wayne County Prosecutor. The two cases may be similar, but they are not the same, because Roe specifically sought to stave off prosecution by the Wayne County Prosecutor. The other case has no relevance to this motion. Additionally, if the Wayne County Prosecutor believed that this was a dispositive issue, she could have raised it when Plaintiff's counsel made her aware of the other case back in September 2016. See Pl. Notice (Dkt.

4

County Prosecutor argues that the present case is indistinguishable from McQueary v. Conway, No. 06-CV-24-KKC, 2012 WL 3149344, at *2 (E.D. Ky. Aug. 1, 2012). Resp. at 14 (Dkt. 97). The Court disagrees.

McQueary involved the infamous Westboro Baptist Church, whose members regularly staged anti-homosexual protests at military funerals. McQueary, 614 F.3d at 595. Kentucky enacted three criminal misdemeanor laws designed to curb the Westboro Baptist Church's behavior. Id. A district court issued a preliminary injunction enjoining the enforcement of the laws, finding that portions of the laws were unconstitutionally overbroad. Id. at 598. A few months later, the Kentucky legislature repealed the challenged portions of the laws and the case was dismissed as moot. Id. In that same order, the district court denied the plaintiff's request for attorney fees. Id. The McQueary plaintiff appealed the denial.

The Sixth Circuit reversed the district court, in part, because the district court found erroneously that the plaintiff had not directly benefitted from the preliminary injunction. Id. at 601. The panel explained that before the injunction, Kentucky could prosecute the plaintiff for protesting outside of military funerals. After the injunction, the plaintiff could protest without fear of prosecution. Therefore, this court-ordered freedom materially changed Kentucky's behavior toward the plaintiff. Id. at 601-602.

On remand, however, after making a contextual and case-specific inquiry, the district court again denied attorney fees. This time the court found that the plaintiff's case did not become moot when a particular event occurred, such as a parade, because the plaintiff was seeking the broader relief to enjoin Kentucky from enforcing particular laws. McQueary, 2012 WL 3149344, at *2.

---

4). The present motion is simply to determine whether to award attorney fees, not to generate "satellite" litigation. See McQueary, 614 F.3d at 598; see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

The court gave two independent reasons for the denial. First, it concluded that Kentucky's voluntary decision to repeal the laws was not a proper basis for attorney fees. Id. (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 610 (2001)).[2] Second, the court found that the plaintiff did not receive the relief he was seeking, namely a permanent injunction. Id. The Sixth Circuit reviewed the decision for clear error and affirmed, noting that the district court "had a ring-side view of the proceedings and knows firsthand how and why the case proceeded as it did." McQueary v. Conway, 508 F. App'x 522, 523-524 (6th Cir. 2012).

The district court's denial of attorney fees is not persuasive here. The short opinion does not explain adequately why the plaintiff's failure to achieve a permanent injunction was a dispositive issue. On its face, it seems at odds with the Sixth Circuit's observation that attorney fees may be warranted where a preliminary injunction delays the enforcement of "a statute until a certain event occurs—say a scheduled public referendum." McQueary, 614 F.3d at 599. The Sixth Circuit explained that when a plaintiff "receives everything it asked for in the lawsuit, and all that moots the case is court-ordered success and the passage of time," attorney fees may be warranted. Id. The Sixth Circuit's affirmance of the district court is best understood as giving deference to the district court, which had a "ring-side seat" and knew best how the case proceeded.

Here, the preliminary injunction caused a change in the Wayne County Prosecutor's behavior. She had refused to disavow enforcement of the SORA Amendments as to Roe pending final resolution of Does #1-5, insisting on her right to prosecute any SORA violation she chose, at

---

[2] The parties agree that this is not a motion seeking attorney fees forbidden by Buckhannon. Mot. at 16; Resp. at 16 n.3.

her sole discretion. The preliminary injunction took that discretion away.[3] Therefore, the preliminary injunction caused a change in the Wayne County Prosecutor's behavior.[4]

Roe directly benefitted from the preliminary injunction. Like the McQueary plaintiff, before the injunction, the Wayne County Prosecutor could prosecute Roe under SORA for maintaining her employment. After the injunction, Roe could continue her employment without fear of prosecution. The relief, even though preliminary in nature, materially changed the Wayne County Prosecutor's behavior toward Roe to her benefit.

Finally, the change between the parties is enduring. A change is enduring if it provides a plaintiff with everything they asked for. Miller, ---F.3d---, 2019 WL 3979593, at *3. The Wayne County Prosecutor argues that Roe did not receive any of the relief she was seeking. Resp. at 15. She argues that "because [Roe] only obtained temporary relief on one of her claims for relief, and did not ultimately prevail on any claim asserted in this case, she is not 'the prevailing party' entitled to attorney fees under § 1988." Resp. at 16. But temporary relief is sometimes all that is needed if subsequent events make the relief permanent.

---

[3] The Wayne County Prosecutor notes that the first time she publicly stated a policy to follow Does #1-5 was not in response to Roe's motion for summary judgment, but rather at oral argument before the Michigan Supreme Court in October 2017. Resp. at 16-17 n.3. But this does not help her case. The point is that she was not willing to take this position in March 2017 when the preliminary injunction was issued. Because it is undisputed that the Wayne County Prosecutor changed her policy after issuance of the preliminary injunction, no purpose would be served by an evidentiary hearing on this issue; thus, her request for such a hearing is denied. See id. at 22.

[4] The Wayne County Prosecutor also argues that Roe has not provided any evidence that she faced imminent prosecution. Resp. at 16-17. This argument is also unavailing. Roe had good reason to fear prosecution, and the Wayne County Prosecutor's reluctance to disavow prosecution made the matter all the worse. This Court ruled previously that Roe's fears were justified and established her standing to litigate in this Court until the Wayne County Prosecutor reversed course. See 3/3/2017 Op. at 7-14 (Dkt. 46) (granting motion for preliminary injunction and finding Roe established a credible threat of enforcement for standing purposes); see also 5/17/2017 Op. at 3-4 (Dkt. 57) (denying motion for reconsideration); 9/12/2018 Op. (Dkt. 90) (granting motion to dissolve preliminary injunction).

"A plaintiff crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." McQueary, 614 F.3d at 603. As the Sixth Circuit explained recently, "[a] win is a win—regardless of whether the winner runs up the score." Miller, ---F.3d---, 2019 WL 3979593, at *4. As noted above, a plaintiff "who seeks to delay enforcement of a statute until a certain event occurs—say a scheduled public referendum—and the preliminary injunction brings about that result," may be a prevailing party. McQueary, 614 F.3d at 599 (citing Thomas v. Nat'l Sci. Found., 330 F.3d 486, 493 (D.C. Cir. 2003)).

Such is the case here. Throughout this litigation, Roe has only sought to be free from the very real threat of prosecution under the SORA Amendments that were found to be unconstitutional by the Sixth Circuit in Doe #1-5. She won that relief in this case. Subsequently, the Supreme Court denied Michigan's petition for writ of certiorari, Snyder v. Does 1-5, 138 S. Ct. 55 (2017), and the Michigan Court of Appeals adopted the Sixth Circuit's reasoning. Spencer v. Benzie Cnty. Prosecuting Attorney, No. 337827, 2017 WL 5493183, at *1 (Mich. Ct. App. Nov. 14, 2017). At that point, Roe's relief became enduring; and the Wayne County Prosecutor finally vowed not to prosecute Roe for any post-2005 SORA-amendment violation. In the end, Roe won the battle and the war. See Sole, 551 U.S. at 83. Accordingly, she is the prevailing party.

## IV. CONCLUSION

For the reasons stated above, Roe's motion to find that she is a prevailing party (Dkt. 94) is granted. Roe may file the rest of her fee petition on or before October 9, 2019.

SO ORDERED.

Dated: September 9, 2019        s/Mark A. Goldsmith
    Detroit, Michigan         MARK A. GOLDSMITH
                                           United States District Judge